## TEAKLE *vs.* TEAKLE.

⌊BILL IN EQUITY FOR REFORMATION OF DEED TO LAND.⌋

1. *Reformation refused.*—Two adjacent land proprietors, owning the two sub-divisions of a fractional section, ran their division fence, by mutual mistake, along a line which they erroneously supposed to be the boundary of their respective tracts, and cleared and cultivated the lands for four or five years up to the division fence, when one sold and conveyed his tract to a third person; and on the discovery of the mistake, the other proprietor filed a bill against the vendor and purchaser, asking a reformation of the deed according to the supposed common boundary. *Held,* that the complainant was not entitled to the relief sought.

APPEAL from the Chancery Court of Randolph.
Heard before the Hon. A. J. WALKER.

THIS bill was filed by John Teakle against his son, Wm. P. F. Teakle, and one William Cosper, asking the reforma-

tion of a deed from said Cosper to said William Teakle, and an injunction against an action at law instituted by said William Teakle to recover a portion of the land conveyed by the deed. William Teakle died pending the suit, and it was thereupon revived against his heirs-at-law and personal representatives. The material facts of the case are stated in the opinion of the court. The chancellor dismissed the bill, and his decree is now assigned as error.

J. FALKNER, for the appellant, cited the following cases :— Clopton v. Martin, 11 Ala. 187 ; Paysant v. Ware, 1 Ala. 161; O'Neil v. Teague, 8 Ala. 345; Bass v. Gilliland, 5 Ala. 761 ; Hair v. LaBrouse, 10 · Ala. 548; Gayle v. Hudson, 10 Ala. 116; Lavender v. Lee, 14 Ala. 688; Love v. Graham, 25 Ala. 187; 3 Foster, 231; 9 Grattan, 277; 14 Ga. 207; 24 Miss. 44; 15 Miss. 160.

J. W. GUINN, *contra*, cited Story's Equity, vol. 1, §§ 140–159; Pinkard v. Pinkard, 23 Ala. 649 ; Evans v. Battle, 19 Ala. 398.

STONE, J.—The bill alleges, that the complainant owned fraction G, and William Cosper owned fraction H, both in the same fractional section, and H lying immediately north of G; that both proprietors believed the dividing line between them commenced at the half-mile stake on the western boundary of said fractional section, and ran east to the river; that they had erected a division fence on said line, and each had cleared and was cultivating up to said division fence ; that in purchasing fraction G from one Pinkard, complainant bought with the understanding, and upon the representation, that the above was the true line, and never knew or heard to the contrary, until about a year after defendant's ancestor became the owner of fraction H.

The bill further alleges, that complainant himself purchased fraction H from Wm. Cosper, and procured the title to be made to the ancestor of defendants, who was a son of complainant, that they might live near each other.

The prayer of the bill is, to have the deed made by Cosper to the younger Teakle reformed, on the ground that by

mistake it conveyed to him more land than was intended, extending one quarter of a mile south of the half-mile stake, and embracing a considerable part of the tract claimed and cultivated by complainant.

There is no averment that any legal or formal partition of the lands was ever agreed on between complainant and the owner of fraction H. The most that is claimed by the bill, on this point, is, that both parties *believed* the line above described to be the true one, and had consentively placed a partition fence there. The averment is simply of a mutual mistake, with some action taken, upon such line as the true boundary. It now appears that the true division line between said fractions lies one fourth of a mile south of said half-mile stake, increasing the quantity of fraction H about thirty acres, and diminishing to the same extent fraction G.

The answer of the widow, who was administratrix and dowress of the son, puts in issue every material averment of the bill; and she positively denies that complainant purchased said land. On the contrary, she avers that her late husband made the purchase, and paid two hundred dollars of the purchase money, and that suit is pending against her for the balance, fifty dollars. The complainant has made satisfactory proof of the mutual mistake of himself and Cosper, as to the true boundary, as alleged in his bill. He has, however, offered no proof of the averment that he (complainant) purchased the land. On the other hand, the defendants have proven that the purchase was made by their ancestor.

As tending to show the improbability of the claim of complainant, it may not be out of place to state, that the division claimed by the bill would give to fraction G over seventy-six acres, and to fraction H less than nineteen acres. But we need not place our opinion on inferences.

Regarding only so much of the bill as is sustained by the proof, the complainant's claim to relief rests on the single fact, that he and a co-terminous land-holder had fallen into a mutual mistake as to the line dividing their freeholds, and had cleared, fenced and cultivated accordingly, for a period of four or five years. Land titles cannot be lost and won by so simple a process.

The answer of Mr. Cosper, and the testimony of P. L.

Clements, tend to show an agreement between former owners of said fractions to divide at the line claimed by complainant. Whether such agreement, if made, would be effectual to make that the true division, we need not now inquire. This bill contains no averments that justify the inquiry.—Lockhart and Wife v. Cameron, at the present term, and authorities cited. It may be a question, whether complainant sustains such a relation to the contract between Cosper and the younger Teakle, as to authorize him to ask its reformation, even admitting that there was a mistake in the contract.—See, on this point, Stone v. Hale, 17 Ala. 557. Evidently he is not the proper party complainant, unless, after reforming the contract, he obtain a further decree, securing the disputed territory to himself. This he cannot obtain under the pleadings and proofs disclosed in this record. If the contract were reformed as prayed for, the title to the land in dispute would be revested in Cosper. Failing to connect himself by proper averments with Cosper's title, the complainant stands on the record as a mere stranger and volunteer.—Stone v. Hale, *supra*.

Without extending this opinion, we know of no principle of intendments that can sustain the present case.

The decree of the chancellor is affirmed, with costs.

RICE, C. J., not sitting.

